FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2017 NOV 30 PM 3:58

J. KUBO
CLERK

MACDONALD RUDY
O'NEILL & YAMAUCHI, LLLP, LLP

| | |
|---|---|
| MICHAEL D. RUDY | 5105-0 |
| PAUL A. C. HIGA | 9557-0 |
| SOFIA HIROSANE McGUIRE | 9299-0 |
| JAMIE C. YOUNG | 10019-0 |

1001 Bishop Street, Suite 2350
Honolulu, Hawaii 96813
Telephone No.:   (808) 523-3080
Facsimile No.:   (808) 523-0759

Attorneys for Plaintiff
DAVID LeFELL

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

DAVID LeFELL,

Plaintiff,

vs.

WAL-MART STORES, INC., JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS, CORPORATIONS, or ENTITIES 1-20,

Defendants.

CIVIL NO. 17-1-1964-11  UPC:
(Other Non-Vehicle Tort)

COMPLAINT; SUMMONS

## COMPLAINT

Plaintiff DAVID LeFELL, by and through his undersigned counsel, MacDonald Rudy O'Neill & Yamauchi, a Limited Liability Law Partnership, LLP, alleges as follows:

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, First Circuit, State of Hawaii

EXHIBIT A

1. At all times herein relevant, Plaintiff DAVID LeFELL was and is a resident of the City and County of Honolulu, State of Hawaii.

2. At all times relevant herein, Defendant WAL-MART STORES, INC. is and at all times relevant herein was, a Delaware Corporation whose principal place of business location is in Bentonville, Arkansas, doing business in the City and County of Honolulu, State of Hawaii.

3. Defendants JOHN DOES 1-20, JANE DOES 1-20, DOE PARTNERSHIPS 1-20, DOE CORPORATIONS 1-20, DOE ENTITIES 1-20, AND DOE GOVERNMENTAL UNITS 1-20 (collectively, "Doe Defendants"), are persons, partnerships, corporations, entities, or governmental units who have or may claim an interest in the subject complaint and whose true names, identities, capacities, activities, or responsibilities are presently unknown to Plaintiff or his attorneys and which in some manner presently unknown to Plaintiff may claim an interest in the subjects of this action. Plaintiff will seek leave to amend his Complaint when the true names, identities, capacities, activities, or responsibilities of the Doe Defendants have been ascertained.

4. Plaintiff has made a diligent and good-faith effort to ascertain the full name, identity, and interest in this action of Does 1-10, including, but not limited to, investigative efforts to locate other persons who may have contributed to causing the subject incident and identify their roles with respect to the same.

5. Plaintiff is informed and believe, and thereon allege, that at all times herein mentioned, each of the defendants was the agent, servant, and employee of each of the remaining defendants and was at all times mentioned herein acting within the purpose, course, and scope of such agency, service and employment, and with the permission of the remaining defendants and, further, that each of the defendants, when acting as a principal, was negligent in the selection, hiring and retention of each of the remaining defendants as an agent, servant, and employee.

6. On or about December 17, 2015 and December 18, 2015, Defendant WAL-MART STORES, INC. and/or its agents, representatives and/or employees, owned, controlled, operated, managed, inspected and maintained a commercial retain business at the property located at 700 Keeaumoku Street, Honolulu, Hawaii 96814 (hereinafter the "Keeaumoku Walmart Store").

7. On or about December 17, 2015 and December 18, 2015, Defendants, and each of them, in owning, managing, controlling, leasing, overseeing, inspecting, utilizing and maintaining the premises of the Keeaumoku Walmart Store, were responsible for, *inter alia*, the safe accessibility and use of its premises by its customers, including its floors and walking surfaces located within the Keeaumoku Walmart Store, including Plaintiff DAVID LeFELL.

8. On or about December 18, 2015 at approximately 12:15 a.m., there existed in the Keeaumoku Walmart Store, a hazardous, unsafe and dangerous condition, wherein the floor in the Keeaumoku Walmart Store had been polished by Defendants and was slick and slippery as a result.

9. Plaintiff DAVID LeFELL entered the Keeaumoku Walmart Store at approximately 12:15 a.m. on December 18, 2017 and walked to the Electronics Department for assistance in exchanging a prepaid mobile phone he had purchased earlier that day from the same Walmart store.

10. Plaintiff DAVID LeFELL had to return to the Keeaumoku Walmart Store due to an issue he had with his mobile phone purchased at said store, which remained unresolved and required that Plaintiff exchange the phone for a new phone.

11. After he completed his purchase in the Electronics department, Plaintiff DAVID LeFELL attempted to exit the Keeaumoku Walmart Store and saw that the exit doors had been

3

locked and barricaded; this exit was one of two exits from the store visible to Plaintiff DAVID LeFELL.

12. Given the closure of this exit, Plaintiff DAVID LeFELL headed towards the only other open exit from the Keeaumoku Walmart Store, walked past the Optometry Department in said store and attempted to walk past some shopping carts in the path towards the exit.

13. Plaintiff DAVID LeFELL did not see any signs warning him that the store floor had been polished by the Keeaumoku Walmart Store staff, nor was it visibly slick and slippery before he stepped into that area

14. As Plaintiff DAVID LeFELL stepped forward into the subject area, he immediately slipped on the slick floor surface, causing his leg to slide forward and out from under him, and he fell quickly to the floor, landing hard on his side.

15. Plaintiff DAVID LeFELL immediately felt excruciating pain emanating from his left knee through his entire left leg.

16. As Plaintiff DAVID LeFELL lay in extreme pain on the ground, one of the Keeaumoku Walmart Store employees who had polished the floor, informed him after-the-fact, that the floor was slippery, and asked Plaintiff DAVID LeFELL why he had walked in that area.

17. Plaintiff DAVID LeFELL informed this Keeaumoku Walmart Store employee that he did not see any sign warning customers that the floor was slippery, after which this Keeaumoku Walmart Store employee pointed to a small postcard sized white piece of paper with a barely visible handwritten warning taped to a shopping cart nearby.

18. The store manager for the Keeaumoku Walmart Store who was on duty during the incident then appeared, asked Plaintiff DAVID LeFELL various questions about what had happened and prepared an incident report.

4

19. Plaintiff DAVID LeFELL was transported by ambulance to the Emergency Room at Queen's Medical Center due to the extent of his injuries.

20. Plaintiff DAVID LeFELL was treated by Samuel N. Cooper, M.D. who diagnosed him as suffering from "traumatic closed displaced fracture of patella, left, initial encounter," whom released Plaintiff DAVID LeFELL on December 18, 2015 with directions to schedule a follow-up appointment with Patrick C. Murray, M.D. within one week for orthopedic surgery to be performed on his knee.

21. On February 10, 2016, Mr. LeFell had to undergo knee surgery requiring general anesthesia.

22. At the time of the slip-and-fall incident at the Keeaumoku Walmart Store, Plaintiff DAVID LeFELL was a 61-year old, highly-skilled custom woodworker and general contractor employed at numerous high-end multi-million dollar renovation projects.

23. As a direct and proximate result of the December 18, 2015 slip-and-fall incident at the Keeaumoku Walmart Store, as described herein, Plaintiff DAVID LeFELL sustained and suffered severe, serious and permanent bodily and other personal injuries that have affected his ability to perform at full capacity in his prior profession.

24. As a direct and proximate result of the December 18, 2015 slip-and-fall incident at the Keeaumoku Walmart Store, as described herein, Plaintiff DAVID LeFELL's daily life is invaded by constant pain from putting even minimal pressure or weight on his left knee, and he has been unable to return to the long hours he used to be able to dedicate at his job sites, resume the required physical tasks related to his work, such as climbing ladders, bending down, and carrying heavy materials on residential renovation projects.

25. At all times relevant herein and prior to the subject incident, Defendants, and each of them, and/or their agents, employees and/or representatives, knew or should have known of the hazardous, unsafe, and dangerous condition existing with the floors within the Keeaumoku Walmart Store, as described herein, and failed to adequately warn and/or protect Plaintiff DAVID LeFELL from such hazardous, unsafe, and dangerous conditions.

26. Defendants' conduct, as described herein, was negligent, reckless and careless and constitutes a conscious and willful disregard of the rights of Plaintiff DAVID LeFELL, and the general public, with knowledge that the consequences of their actions and/or inactions could result in serious injuries and damages to the Plaintiff and others.

27. At all times relevant herein, the subject incident and the injuries and damages suffered by Plaintiff DAVID LeFELL as described herein, were directly and legally caused by the negligence, recklessness and/or carelessness of the Defendants, and each of them, and/or their agents, employees and/or representatives, as described herein, and their failure to adequately warn and/or protect Plaintiff DAVID LeFELL of and/or from the hazardous, unsafe and dangerous conditions, as described herein.

28. As a direct and proximate cause of the negligence of the Defendants, and each of them, as mentioned above, Plaintiff DAVID LeFELL suffered and sustained serious and permanent bodily injuries, suffered shock, significant pain of body and mind, and emotional distress.

29. As a further direct and proximate cause of the negligence of the Defendants, and each of them, as mentioned above, Plaintiff DAVID LeFELL incurred expenses for medical care, treatment, physical therapy, and miscellaneous items in an amount not presently ascertainable,

and will incur such expenses in the future, and Plaintiff asks leave of this Court to present the same at the time of trial.

30. As a further and proximate cause of the negligence of the Defendants, and each of them, as mentioned above, Plaintiff DAVID LeFELL was unable to perform his employment and/or related duties and/or obligations as he had performed prior to the subject incident, and thus, sustained wage losses and will incur wage losses and/or impairment of earning capacity in the future, and Plaintiff asks leave of this Court to present the same at the time of trial.

31. As a further direct and proximate cause of the negligence of the Defendants, and each of them, as mentioned above, Plaintiff DAVID LeFELL has been unable to pursue his activities, including hobbies, sports and other endeavors.

32. The above described conduct of the Defendants, and each of them, were willful, wanton, malicious and reckless, and said conduct justifies the imposition of punitive or exemplary damages against them.

WHEREFORE, Plaintiff DAVID LeFELL requests that this Honorable Court grant him the following relief:

A. Judgment against Defendants, and each of them, for general, special and punitive damages in amounts to be proven at trial;

B. Pre-judgment interest from the date of the subject incident;

C. Attorneys' fees and costs; and

D. Such other and further relief as may be just and unnecessary.

Plaintiff further states that the amount of his damages as alleged herein falls within the jurisdictional requirement of this Court.

DATED: Honolulu, Hawaii, __November 28, 2017__.

_____
MICHAEL D. RUDY
SOFIA HIROSANE McGUIRE
Attorneys for Plaintiff

8

| STATE OF HAWAI'I<br>CIRCUIT COURT<br>OF THE FIRST CIRCUIT | SUMMONS<br>TO ANSWER CIVIL COMPLAINT | CASE NUMBER   J P C<br>17-1-1964-11 |
|---|---|---|
| PLAINTIFF,<br>DAVID LeFELL | VS. | DEFENDANT.<br>WAL-MART STORES, INC., JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS, CORPORATIONS, or ENTITIES 1-20 |

PLAINTIFF'S ADDRESS (NAME, ADDRESS, TEL. NO.)

MacDonald Rudy O'Neill & Yamauchi, LLLP
1001 Bishop Street, Suite 2350
Honolulu, Hawaii 96813
(808) 523-3080

### TO THE ABOVE-NAMED DEFENDANT(S)

You are hereby summoned and required to file with the court and serve upon

Michael D. Rudy, Esq.

plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| DATE ISSUED<br>NOV 3 0 2017 | CLERK<br>J. KUBO | (SEAL) | |
|---|---|---|---|
| I do hereby certify that this is full, true, and correct copy of the original on file in this office | Circuit Court Clerk | | |

In accordance with the Americans with Disabilities Act and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the First Circuit Court Administration Office at PHONE NO. 539-4333, FAX 539-4322, or TTY 539-4853, at least ten (10) working days prior to your hearing or appointment date.

Reprographics (07/11)  RevaComm 508 Certified                                        SUMMONS TO ANSWER CIVIL COMPLAINT  1C-P-787

FIRST CIRCUIT COURT
STATE OF HAWAII
FILED

2017 NOV 30 PM 3:58

J. KUDO
CLERK

MACDONALD RUDY
O'NEILL & YAMAUCHI, LLLP, LLP

| | |
|---|---|
| MICHAEL D. RUDY | 5105-0 |
| PAUL A. C. HIGA | 9557-0 |
| SOFIA HIROSANE McGUIRE | 9299-0 |
| JAMIE C. YOUNG | 10019-0 |

1001 Bishop Street, Suite 2350
Honolulu, Hawaii 96813
Telephone No().:    (808) 523-3080
Facsimile No.:      (808) 523-0759

Attorneys for Plaintiff
DAVID LeFELL

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

DAVID LeFELL,

        Plaintiff,

vs.

WAL-MART STORES, INC., JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS, CORPORATIONS, or ENTITIES 1-20,

        Defendants.

CIVIL NO. 17-1-1964-11  JPC
(Other Non-Vehicle Tort)

COMPLAINT; SUMMONS

## COMPLAINT

Plaintiff DAVID LeFELL, by and through his undersigned counsel, MacDonald Rudy O'Neill & Yamauchi, a Limited Liability Law Partnership, LLP, alleges as follows:

I do hereby certify that this is a full, true, and correct copy of the original on file in this office.

Clerk, First Circuit, State of Hawaii

1. At all times herein relevant, Plaintiff DAVID LeFELL was and is a resident of the City and County of Honolulu, State of Hawaii.

2. At all times relevant herein, Defendant WAL-MART STORES, INC. is and at all times relevant herein was, a Delaware Corporation whose principal place of business location is in Bentonville, Arkansas, doing business in the City and County of Honolulu, State of Hawaii.

3. Defendants JOHN DOES 1-20, JANE DOES 1-20, DOE PARTNERSHIPS 1-20, DOE CORPORATIONS 1-20, DOE ENTITIES 1-20, AND DOE GOVERNMENTAL UNITS 1-20 (collectively, "Doe Defendants"), are persons, partnerships, corporations, entities, or governmental units who have or may claim an interest in the subject complaint and whose true names, identities, capacities, activities, or responsibilities are presently unknown to Plaintiff or his attorneys and which in some manner presently unknown to Plaintiff may claim an interest in the subjects of this action. Plaintiff will seek leave to amend his Complaint when the true names, identities, capacities, activities, or responsibilities of the Doe Defendants have been ascertained.

4. Plaintiff has made a diligent and good-faith effort to ascertain the full name, identity, and interest in this action of Does 1-10, including, but not limited to, investigative efforts to locate other persons who may have contributed to causing the subject incident and identify their roles with respect to the same.

5. Plaintiff is informed and believe, and thereon allege, that at all times herein mentioned, each of the defendants was the agent, servant, and employee of each of the remaining defendants and was at all times mentioned herein acting within the purpose, course, and scope of such agency, service and employment, and with the permission of the remaining defendants and, further, that each of the defendants, when acting as a principal, was negligent in the selection, hiring and retention of each of the remaining defendants as an agent, servant, and employee.

6. On or about December 17, 2015 and December 18, 2015, Defendant WAL-MART STORES, INC. and/or its agents, representatives and/or employees, owned, controlled, operated, managed, inspected and maintained a commercial retain business at the property located at 700 Keeaumoku Street, Honolulu, Hawaii 96814 (hereinafter the "Keeaumoku Walmart Store").

7. On or about December 17, 2015 and December 18, 2015, Defendants, and each of them, in owning, managing, controlling, leasing, overseeing, inspecting, utilizing and maintaining the premises of the Keeaumoku Walmart Store, were responsible for, *inter alia*, the safe accessibility and use of its premises by its customers, including its floors and walking surfaces located within the Keeaumoku Walmart Store, including Plaintiff DAVID LeFELL.

8. On or about December 18, 2015 at approximately 12:15 a.m., there existed in the Keeaumoku Walmart Store, a hazardous, unsafe and dangerous condition, wherein the floor in the Keeaumoku Walmart Store had been polished by Defendants and was slick and slippery as a result.

9. Plaintiff DAVID LeFELL entered the Keeaumoku Walmart Store at approximately 12:15 a.m. on December 18, 2017 and walked to the Electronics Department for assistance in exchanging a prepaid mobile phone he had purchased earlier that day from the same Walmart store.

10. Plaintiff DAVID LeFELL had to return to the Keeaumoku Walmart Store due to an issue he had with his mobile phone purchased at said store, which remained unresolved and required that Plaintiff exchange the phone for a new phone.

11. After he completed his purchase in the Electronics department, Plaintiff DAVID LeFELL attempted to exit the Keeaumoku Walmart Store and saw that the exit doors had been

3

locked and barricaded; this exit was one of two exits from the store visible to Plaintiff DAVID LeFELL.

12. Given the closure of this exit, Plaintiff DAVID LeFELL headed towards the only other open exit from the Keeaumoku Walmart Store, walked past the Optometry Department in said store and attempted to walk past some shopping carts in the path towards the exit.

13. Plaintiff DAVID LeFELL did not see any signs warning him that the store floor had been polished by the Keeaumoku Walmart Store staff, nor was it visibly slick and slippery before he stepped into that area

14. As Plaintiff DAVID LeFELL stepped forward into the subject area, he immediately slipped on the slick floor surface, causing his leg to slide forward and out from under him, and he fell quickly to the floor, landing hard on his side.

15. Plaintiff DAVID LeFELL immediately felt excruciating pain emanating from his left knee through his entire left leg.

16. As Plaintiff DAVID LeFELL lay in extreme pain on the ground, one of the Keeaumoku Walmart Store employees who had polished the floor, informed him after-the-fact, that the floor was slippery, and asked Plaintiff DAVID LeFELL why he had walked in that area.

17. Plaintiff DAVID LeFELL informed this Keeaumoku Walmart Store employee that he did not see any sign warning customers that the floor was slippery, after which this Keeaumoku Walmart Store employee pointed to a small postcard sized white piece of paper with a barely visible handwritten warning taped to a shopping cart nearby.

18. The store manager for the Keeaumoku Walmart Store who was on duty during the incident then appeared, asked Plaintiff DAVID LeFELL various questions about what had happened and prepared an incident report.

19. Plaintiff DAVID LeFELL was transported by ambulance to the Emergency Room at Queen's Medical Center due to the extent of his injuries.

20. Plaintiff DAVID LeFELL was treated by Samuel N. Cooper, M.D. who diagnosed him as suffering from "traumatic closed displaced fracture of patella, left, initial encounter," whom released Plaintiff DAVID LeFELL on December 18, 2015 with directions to schedule a follow-up appointment with Patrick C. Murray, M.D. within one week for orthopedic surgery to be performed on his knee.

21. On February 10, 2016, Mr. LeFell had to undergo knee surgery requiring general anesthesia.

22. At the time of the slip-and-fall incident at the Keeaumoku Walmart Store, Plaintiff DAVID LeFELL was a 61-year old, highly-skilled custom woodworker and general contractor employed at numerous high-end multi-million dollar renovation projects.

23. As a direct and proximate result of the December 18, 2015 slip-and-fall incident at the Keeaumoku Walmart Store, as described herein, Plaintiff DAVID LeFELL sustained and suffered severe, serious and permanent bodily and other personal injuries that have affected his ability to perform at full capacity in his prior profession.

24. As a direct and proximate result of the December 18, 2015 slip-and-fall incident at the Keeaumoku Walmart Store, as described herein, Plaintiff DAVID LeFELL's daily life is invaded by constant pain from putting even minimal pressure or weight on his left knee, and he has been unable to return to the long hours he used to be able to dedicate at his job sites, resume the required physical tasks related to his work, such as climbing ladders, bending down, and carrying heavy materials on residential renovation projects.

25. At all times relevant herein and prior to the subject incident, Defendants, and each of them, and/or their agents, employees and/or representatives, knew or should have known of the hazardous, unsafe, and dangerous condition existing with the floors within the Keeaumoku Walmart Store, as described herein, and failed to adequately warn and/or protect Plaintiff DAVID LeFELL from such hazardous, unsafe, and dangerous conditions.

26. Defendants' conduct, as described herein, was negligent, reckless and careless and constitutes a conscious and willful disregard of the rights of Plaintiff DAVID LeFELL, and the general public, with knowledge that the consequences of their actions and/or inactions could result in serious injuries and damages to the Plaintiff and others.

27. At all times relevant herein, the subject incident and the injuries and damages suffered by Plaintiff DAVID LeFELL as described herein, were directly and legally caused by the negligence, recklessness and/or carelessness of the Defendants, and each of them, and/or their agents, employees and/or representatives, as described herein, and their failure to adequately warn and/or protect Plaintiff DAVID LeFELL of and/or from the hazardous, unsafe and dangerous conditions, as described herein.

28. As a direct and proximate cause of the negligence of the Defendants, and each of them, as mentioned above, Plaintiff DAVID LeFELL suffered and sustained serious and permanent bodily injuries, suffered shock, significant pain of body and mind, and emotional distress.

29. As a further direct and proximate cause of the negligence of the Defendants, and each of them, as mentioned above, Plaintiff DAVID LeFELL incurred expenses for medical care, treatment, physical therapy, and miscellaneous items in an amount not presently ascertainable,

and will incur such expenses in the future, and Plaintiff asks leave of this Court to present the same at the time of trial.

30. As a further and proximate cause of the negligence of the Defendants, and each of them, as mentioned above, Plaintiff DAVID LeFELL was unable to perform his employment and/or related duties and/or obligations as he had performed prior to the subject incident, and thus, sustained wage losses and will incur wage losses and/or impairment of earning capacity in the future, and Plaintiff asks leave of this Court to present the same at the time of trial.

31. As a further direct and proximate cause of the negligence of the Defendants, and each of them, as mentioned above, Plaintiff DAVID LeFELL has been unable to pursue his activities, including hobbies, sports and other endeavors.

32. The above described conduct of the Defendants, and each of them, were willful, wanton, malicious and reckless, and said conduct justifies the imposition of punitive or exemplary damages against them.

WHEREFORE, Plaintiff DAVID LeFELL requests that this Honorable Court grant him the following relief:

A. Judgment against Defendants, and each of them, for general, special and punitive damages in amounts to be proven at trial;

B. Pre-judgment interest from the date of the subject incident;

C. Attorneys' fees and costs; and

D. Such other and further relief as may be just and unnecessary.

Plaintiff further states that the amount of his damages as alleged herein falls within the jurisdictional requirement of this Court.

DATED: Honolulu, Hawaii, November 28, 2017

MICHAEL D. RUDY
SOFIA HIROSANE McGUIRE
Attorneys for Plaintiff

| STATE OF HAWAI'I<br>CIRCUIT COURT<br>OF THE FIRST CIRCUIT | SUMMONS<br>TO ANSWER CIVIL COMPLAINT | CASE NUMBER<br>17-1-1964-11 JPC |
|---|---|---|
| PLAINTIFF,<br>DAVID LeFELL | VS. | DEFENDANT.<br>WAL-MART STORES, INC., JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS, CORPORATIONS, or ENTITIES 1-20 |

PLAINTIFF'S ADDRESS (NAME, ADDRESS, TEL. NO.)

MacDonald Rudy O'Neill & Yamauchi, LLLP
1001 Bishop Street, Suite 2350
Honolulu, Hawaii 96813
(808) 523-3080

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to file with the court and serve upon

Michael D. Rudy, Esq.

plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| DATE ISSUED | CLERK | |
|---|---|---|
| NOV 3 0 2017 | J. KUBO  (SEAL) | |
| I do hereby certify that this is full, true, and correct copy of the original on file in this office | Circuit Court Clerk | |

In accordance with the Americans with Disabilities Act and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the First Circuit Court Administration Office at PHONE NO. 539-4333, FAX 539-4322, or TTY 539-4853, at least ten (10) working days prior to your hearing or appointment date.

Reprographics (07/11)   RevaComm 508 Certified                                                                      SUMMONS TO ANSWER CIVIL COMPLAINT 1C-P-787